IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLYN S. LOCKETT, | ) Case No. C 12-2874 SC ) ORDER GRANTING IN PART AND ) DENYING IN PART DEFENDANT'S |
| Plaintiff, | ) MOTION FOR SUMMARY JUDGMENT ) |
| v. | ) ) |
| HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, | ) ) ) |
| Defendant. | ) ) ) |

I.   **INTRODUCTION**

Now before the Court is Defendant Hartford Life and Accident Insurance Company's ("Defendant") motion for summary judgment in this insurance case brought by Plaintiff Carolyn S. Lockett ("Plaintiff").  The motion is fully briefed.  ECF Nos. 22 ("MSJ"), 28 ("Opp'n"), 34 ("Reply").  The Court finds it suitable for decision without oral argument.  Civ. L.R. 7-1(b).  For the reasons explained below, the motion is GRANTED in part and DENIED in part.

///

///

**United States District Court**
For the Northern District of California

## II.   BACKGROUND

Plaintiff had a disability insurance plan with Defendant, and for two years Defendant paid Plaintiff's long-term disability claim stemming from a knee injury and other orthopedic complaints. During those two years, there is no dispute that Plaintiff could not perform what the insurance policy called her "own occupation" as a laundry service worker -- a position requiring a great deal of manual labor.  After that two-year period, however, Defendant concluded that Plaintiff could take up a sedentary occupation and was therefore not disabled from working in "any occupation." Defendant then terminated Plaintiff's disability benefits, since under the insurance policy, benefits could only continue after the two-year "own occupation" disability period if the insured had no capacity to continue working in "any occupation."  Plaintiff appealed that decision to Defendant, but Defendant upheld its decision.

Plaintiff believes that she remains disabled and lacks capacity to work in "any occupation," since she has numerous health problems not explicitly considered in the facts Defendants raise here.  She sued Defendant for bad faith, breach of contract, and intentional infliction of emotional distress ("IIED").  Defendant now moves for summary judgment of the entire case, or alternatively summary adjudication of certain claims, arguing that the evidence establishes that Plaintiff is not disabled from "any occupation."

///
///
///
///

**United States District Court**
For the Northern District of California

III.  **LEGAL STANDARD**

Entry of summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Summary judgment should be granted if the evidence would require a directed verdict for the moving party.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 251 (1986).  The moving party bears the initial burdens of production and persuasion.  <u>Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc.</u>, 210 F.3d 1099, 1102 (9th Cir. 2000).

"In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial."  <u>Id.</u>  "In order to carry its ultimate burden of persuasion on the motion, the moving party must persuade the court that there is no genuine issue of material fact."  <u>Id.</u>  A genuine issue for trial exists if the non-moving party presents evidence from which a reasonable jury, viewing the evidence in the light most favorable to that party, could resolve the material issue in his or her favor.  <u>Anderson</u>, 477 U.S. at 248-49.

IV.  **DISCUSSION**

A.  **Plaintiff's Breach of Contract and Bad Faith Claims**

The Court, having read the parties' papers and considered all of the evidence now before the Court, finds that there are genuine disputes of material fact as to Plaintiff's breach of contract and

1 | bad faith claims.  Accordingly, the Court DENIES Defendant's motion
2 | on those two claims.

3 |    **B.    Plaintiff's IIED Claim**

4 |    To state a claim for intentional infliction of emotional
5 | distress ("IIED"), Plaintiff must allege: "(1) extreme and
6 | outrageous conduct by the defendant with the intention of causing,
7 | or reckless disregard of the probability of causing, emotional
8 | distress; (2) the plaintiff's suffering severe or extreme emotional
9 | distress; and (3) actual and proximate causation of the emotional
10 | distress by the defendant's outrageous conduct." Christensen v.
11 | Super. Ct., 54 Cal. 3d 868, 903 (Cal. 1991) (quotations and
12 | citations omitted).  Conduct is only "extreme and outrageous" when
13 | it is "so extreme as to exceed all bounds of that usually tolerated
14 | in a civilized community." Davidson v. City of Westminster, 32
15 | Cal. 3d 197, 185 (Cal. 1982).

16 |    Defendant has clearly shown that Plaintiff, as the non-moving
17 | party in this motion, lacks sufficient evidence to carry its burden
18 | at trial as to any element of her IIED claim.  Plaintiff's
19 | opposition brief and its attached papers do not rebut this finding.
20 | It remains to be seen whether Defendant breached its insurance
21 | contract with Plaintiff or acted in bad faith, but the Court finds
22 | that Plaintiff has presented no evidence of extreme or outrageous
23 | conduct, severe or extreme emotional distress related to
24 | Defendant's conduct, or causation.  The Court GRANTS Defendant's
25 | motion as to this claim alone.
26 | ///
27 | ///
28 | ///

United States District Court
For the Northern District of California

4

**United States District Court**
For the Northern District of California

V.  **CONCLUSION**

As explained above, the Court GRANTS in part and DENIES in part Defendant Hartford Life and Accident Insurance Company's motion for summary judgment against Plaintiff Carolyn S. Lockett. Defendant's motion is DENIED as to Plaintiff's breach of contract and bad faith claims, and GRANTED as to Plaintiff's intentional infliction of emotional distress claim.

IT IS SO ORDERED.

Dated: August 20, 2013
_____
UNITED STATES DISTRICT JUDGE